UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE H. EDWARDS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:08CV949 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before me on George H. Edwards. Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons set forth below, the motion will be denied.

**I.     Background**

Edwards was charged by superseding indictment with one count of extortion under 18 U.S.C. § 1951 and one count of wire fraud under 18 U.S.C. § 1343. On April 23, 2007, Edwards pleaded guilty to the wire fraud count and, in exchange, the government dismissed the extortion charge. In the plea agreement, both parties waived all rights to appeal all non-sentencing issues, "including, but not limited to, any issues relating to pre-trial motions, hearings and discovery and issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea." In the event I accepted Edwards' plea, applied the

parties' recommendations, and then sentenced Edwards within the agreed upon range, both parties also waived their rights to appeal "all sentencing issues, except any issues relating the determination of the Total Offense Level." Finally, Edwards also waived his right to contest his conviction or sentence in any § 2255 motion, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

I reviewed Edwards' plea agreement, including its waiver provisions, with Edwards on the record during his plea colloquy. In his plea agreement, Edwards stipulated to the following facts:

> During the fall of 2006, the defendant devised a scheme and artifice to defraud a certain professional athlete referred to in the superseding indictment as John Doe (hereafter "John Doe") of money and property by means of false and fraudulent pretenses, representations and promises, using wire transmissions of writings, signs, signals and sounds for the purpose of executing said scheme and artifice. Specifically, the defendant planned to tell John Doe, through agents employed by John Doe, that his daughter was pregnant by him. The defendant further planned to tell John Doe that, unless he paid $150,000.00 in cash to defendant's daughter (through the defendant), the defendant would report the resulting relationship and pregnancy to the media. The defendant continued his scheme by, on or about January 6, 2007, informing John Doe, through his agents, that his daughter had suffered a miscarriage.
>
> A number of the foregoing representations made by the defendant to the agents of John Doe were materially false, including but not limited to that the defendant's daughter had submitted to a paternity test.

> In furtherance of and in execution of the scheme, the defendant caused writings, signs, signals and sounds to be transmitted from Illinois to California by means of a telephone call on or about January 11, 2007.
>
> The defendant and the government agree that the facts set forth above are true and may be considered as "relevant conduct" pursuant to Section 1B1.3.

I asked Edwards if the stipulation of facts relative to sentencing set out in the plea agreement was true and he answered, "Yes."

To ensure that Edwards was entering his plea knowingly and voluntarily, I held the following exchange with Edwards:

> COURT: Mr. Edwards, the lawyers have told me as part of the negotiations in this case, there was some discussion about your daughter's situation and whether she was going to be charged with a crime?
>
> EDWARDS: Yes.
>
> COURT: As I understand it right now, there's still discussions ongoing with her about some things, pretrial diversion and some other things, and there hasn't been any firm agreement, and the lawyers tell me this isn't part of the agreement, but I want to make sure that you're not pleading guilty here to save your daughter, and I'll have to make sure you're doing this because you're guilty, not because you want somebody else to get a better deal, so tell me how that enters into it for you.
>
> EDWARDS: If they were going to charge my daughter, I wouldn't plead guilty.
>
> COURT: They still have the right to charge your daughter. Mr. Albus, am I correct?

ASSISTANT UNITED STATES ATTORNEY (MR. ALBUS): Let me say, and I have discussed this with Mr. Edwards before you came out, Judge. Our investigation into this matter is basically complete, and as we were discussing Mr. Edwards' case, the agreement was made, or the Government committed to offering Mr. Edwards' daughter to participate in a pretrial diversion program, which as the Court knows, if she could successfully complete it, she would end up with her being immunized from any charges with respect to this. As of today, that offer is still outstanding to Mr. Edwards' daughter, who is represented by Charles Kirksey, separate counsel. That offer will be out there for her for some period of time, but because she has to date refused to enter into that agreement, every other possibility, either no charges being pursued, the pretrial diversion program, or something else is still a possibility, and as it's written up today, and as the Government understands it, the resolution of Mr. Edwards' case is not conditioned on any resolution of his daughter's case.

COURT: But what you're telling me is it is. If you want to go to trial, you should do that. Let me explain that. Say your daughter went on diversion and she screwed up for some reason, and they decided to charge her, you aren't going to be able to withdraw your guilty plea. You aren't going to be able to come back and say, "I wouldn't have done this if I thought she would get charged." If they decide to charge her tomorrow, you're not going to be able to withdraw your guilty plea. It is real simple. You need to plead guilty because you believe you're guilty of this crime, not because you want to save somebody else or to get her a better deal, and that's what I have to hear you tell me today under oath, and it has to be the truth. I'm not asking you to tell me something that's not true, because otherwise I can't accept your plea if I think you're just pleading guilty -- you don't really believe you're guilty of this crime, but you want to get a better deal for your daughter, because that wouldn't be right. You can only plead guilty if you really are guilty and if you're pleading guilty because you yourself believe this is what you should do. Lots of time people have family members involved, and there are times when people may do certain things because they hope it will help their family member, but the bottom line is, you can't plead guilty unless you really are guilty, and you

can't plead guilty just because you think it's going to help her out, because anything can happen to her tomorrow, and you don't know what it is, and you're going to be stuck with the guilty plea, and you're going to be the one in jail.  You're not going to be able to change it.  You're not going to be able to say, "I wouldn't have done it if thought that was going to happen."  I'm going to take a short break and let you and Mr. Curran talk about this and decide whether you really want to go forward with this.  I don't want you to plead guilty unless you yourself believe that's what you should do, that you believe you're guilty of this crime, that you're willing to say under oath, "I am guilty of this crime, and I want to plead guilty, and I don't want to go to trial."  Those are the things you have to say for me to take your plea, and I want to believe when you say them to me under oath that they're true.  I don't want you to tell me, "I was just telling you that then, it really was not true."  I'm going to take a short recess and I'll come back in five to ten minutes.

COURT: Step up.  Are we going to go forward with the plea?

DEFENSE COUNSEL (MR. CURRAN): I believe so.

EDWARDS: Yes.

COURT: Is that right, Mr. Edwards, you want to go ahead and plead guilty?

EDWARDS: Yes.

COURT: Do you believe you're guilty of this crime?

EDWARDS: Yes.

COURT: And understand you have to be pleading guilty because you're guilty of this crime, not for any other reason or to get any other benefit for yourself or anybody else.  Do you understand that?

EDWARDS: Yes.

In response to my questioning, Edwards also assured me that he was satisfied with his legal representation, that he was not being forced to plead guilty, and that he understood the rights he was giving up by pleading guilty. Based on Edwards' statements made to me, I accepted his guilty plea.

A presentence investigation report (PSR) was then prepared. The PSR determined that Edwards' total offense level was 14 with the recommended guidelines range of imprisonment between 21 to 27 months. At the sentencing hearing on July 6, 2007, Edwards told me that he had the following unresolved objection to the PSR:

> DEFENDANT: The one was a conviction in 1981.
>
> COURT: Okay.
>
> DEFENDANT: That was dismissed after appeal, and they didn't charge me any points for it, but they put it in my PSR.
>
> MR. CURRAN: I should have mentioned it. I talked to Probation. Their records show differently, and we have yet to find anything that contradicts it, but it doesn't count.
>
> * * *
>
> COURT: December 4th, 1981, possessing a narcotic controlled substance for sale. Is that what we're talking about?
>
> MR. CURRAN: Yes. It didn't count for any criminal history points because of his age. Mr. Edwards' recollection is it was appealed and dismissed. Los Angeles, California records are very difficult to get. Probation had what they put in there, and we have yet to find any

- 6 -

records of anything different.

COURT: Okay. It does not -- so Mr. Edwards, what do you think happened with that conviction?

EDWARDS: It was appealed and it was later dismissed.

COURT: Why was it dismissed?

EDWARDS: They sent it back to the Superior Court to retry me, and they dismissed it. They didn't retry me on it. This was in 1981 that it occurred.

COURT: So the probation office records show what is shown in the Presentence Report. Well, it does not have any effect on the criminal history here, so I will simply note it for the record and make an addition that the defendant contends that this was dismissed and that therefore it's not a conviction, but given that it assigns zero criminal history points, it won't make any difference, but I'll put that into the statement of reasons page to indicate that you believe this was set aside.

EDWARDS: Yes.

COURT: Okay. What else?

EDWARDS: That's it.

COURT: Okay. All right. Well, I will adopt the Presentence Report as my findings of fact, and I will additionally make that one notation in the statement of reasons.

After hearing argument from defense counsel, I varied from the guideline range of punishment and instead sentenced Edwards to 12 months and one day of imprisonment. Edwards did not appeal.

**II. Grounds for Relief**

Edwards' §2255 motion alleges the following six grounds for relief:

1) ineffective assistance of counsel for failing to file a motion to dismiss the extortion count in the indictment;

2) the Court violated Edwards' Rule 11 rights to enter a guilty plea without coercion;

3) ineffective assistance of counsel in advising him "that the Parole Commission would not violate his parole, but would only reinstate it upon completion of any sentence the court would impose;"

4) Edwards' PSR contained incorrect information that had an adverse effect on him, and counsel refused to attempt to correct when it was brought to his attention;

5) ineffective assistance of counsel in advising him to enter into a guilty plea knowing that he was not guilty; and

6) Edwards "Sixth Amendment right was blatantly violated by appointed counsel from the threshold of his appointment."

**III. Analysis**

*A.  An Evidentiary Hearing is not Warranted*

I will not hold an evidentiary hearing on this matter.  "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted).  An evidentiary hearing need not be held if Edwards'

"allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998); see also Anjulo-Lopez, 541 F.3d at 817 (no hearing required where claim is "inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.") (internal quotation marks and citation omitted). Because the records conclusively show that Edwards is not entitled to relief as a matter of law, I need not hold a hearing.

B.   *Grounds 2 and 4 Are Waived*

To the extent Edwards is attempting to challenge the taking of his plea and any alleged factual errors in his PSR in Grounds 2 and 4 of his motion, Edwards waived his right to bring these claims.[1] Paragraph 2C(2) of Edwards' plea

---

[1] These arguments are also procedurally defaulted because Edwards did not file a direct appeal. "A collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987) (internal citation omitted). Grounds 2 and 4 were not raised on direct appeal. If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993); Mathews v. United States, 114 F.3d 112, 113 (8th Cir. 1997). Here, Edwards has made no showing of cause and prejudice sufficient to overcome the procedural bar. A movant can also avoid procedural default by demonstrating actual innocence. Johnson v. United States, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, a § 2255 movant must show either cause and actual prejudice, or that he is actually innocent.") (internal quotation marks and citations omitted). Although Edwards claims he is "innocent," this argument is

agreement states as follows:

> The defendant acknowledges being guilty of the crime(s) to which a plea is being entered, and further states that neither defense counsel nor the government has made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

A defendant may knowingly waive his right to bring § 2255 claims in a plea agreement, and the waiver will be enforced unless the plea agreement was not entered into knowingly and voluntarily. See DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2003).

To the extent Edwards' Rule 11 argument is an attempt to argue that his guilty plea and waiver of rights were unknowing or involuntary because they were coerced, that claim is conclusively refuted by the record. See United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003) (knowing and voluntary waiver would not be enforced if to do so would result in a miscarriage of justice). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any

---

foreclosed to him since he admitted he was guilty.

subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (internal citations omitted). Edwards "must overcome strong presumptions . . . of the voluntariness of his guilty plea based on his representations at the plea hearing." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993); see also Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990) ("[s]olemn declarations in open court carry a strong presumption of verity.") (internal quotation marks and citation omitted). "To be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent," United States v. Martinez-Cruz, 186 F.3d 1102, 1104 (8th Cir. 1999), which means it must be made "with sufficient awareness of the relevant circumstances and likely consequences." Id. (quoting Brady v. United States, 397 U.S. 742, 748 (1970)).

Here, I discussed the voluntary nature of Edwards' plea with him at length and instructed him that I could only take his guilty plea if he was pleading guilty because he was guilty, and not to secure some sort of deal for his daughter. I recessed the proceedings so Edwards could decide if he wanted to go forward with his change of plea hearing, and when he informed me that he did I had the following exchange with Edwards:

COURT: Do you believe you're guilty of this crime?

EDWARDS: Yes.

> COURT: And understand you have to be pleading guilty because you're guilty of this crime, not for any other reason or to get any other benefit for yourself or anybody else. Do you understand that?
>
> EDWARDS: Yes.

I then asked him if he was being forced to plead guilty, and he answered, "No." Edwards' sworn statements to me during the plea hearing establish that his plea agreement and guilty plea were entered into knowingly and voluntarily, and he cannot disavow that testimony now. I will therefore enforce the valid waiver in his plea agreement. Grounds 2 and 4 of Edwards' § 2255 motion are denied. To the extent that Ground 4 also raises an ineffective assistance of counsel claim, that claim is denied for the reasons discussed below.

### C. *Ineffective Assistance of Counsel Claims*

The remaining grounds for relief in Edwards' § 2255 motion are ineffective assistance of counsel claims. Edwards argues that his attorney was ineffective for failing to move for dismissal of the extortion charge (Ground 1), for failing to advise him that his guilty plea might have an adverse effect upon his federal parole status (Ground 3), for failing to object to, or have corrected, factual errors in his PSR (Ground 4), for advising him to plead guilty even though Edwards was not guilty (Ground 5), and for "blatantly violating" his sixth amendment rights (Ground 6). The Sixth Amendment establishes the right of the criminally accused

to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Edwards must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Id. at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id. Second, Edwards "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of guilty pleas, a movant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997). The court need not address both components if the movant makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

Because the government dismissed the extortion count in exchange for Edwards' guilty plea to the wire fraud charge, Edwards cannot demonstrate that he was prejudiced by any alleged failure to move for dismissal of the extortion charge. Ground 1 therefore fails. Ground 3 is also conclusively refuted by the record. In response to Edwards' allegations that he was ineffective for failing to advise him of the consequences that a guilty plea might have on Edwards' parole, defense counsel testified by affidavit[2] as follows:

> Contrary to Mr. Edwards' allegations in the petition in this case, we discussed that he was on federal parole. I made extensive efforts to obtain an opinion from the United States Parole Commission regarding what, if anything, would happen to his parole status upon a guilty plea in the criminal case. The Parole Commission would not commit to any such position and I shared that response with Mr. Edwards. Ultimately, before the guilty plea, I advised Mr. Edwards that the Parole Commission may or may not seek to revoke his parole upon his guilty plea. I also advised Mr. Edwards that, should the Parole Commission seek to revoke him, his admissions at the time of the guilty plea would be used against him and, of course, would be sufficient to establish he had violated his parole. Specifically, Mr. Edwards' assertion that I advised him there would be no revocation of his parole should he plead guilty is completely false.

At the plea hearing, Edwards told me under oath that he was satisfied with his attorney's representation of him, and this statement carries a strong presumption of verity. Lockhart, 921 F.2d at 157. Additionally, at the sentencing hearing

---

[2]Edwards received a copy of defense counsel's affidavit at his current address [Doc. # 10], but he did not file an opposition to the testimony.

counsel stated that Edwards "still faces potential parole revocation, and not any action has been taken on that, but there is a hold on him because of this charge." Edwards was present and heard this statement, yet he now makes contradictory statements to the Court. Nothing in the record agrees with, supports, or corroborates Edwards' allegation in any way. The record of the sentencing, Edwards' statements under oath and at the plea, and defense counsel's testimony all contradict Edwards' self-serving allegation and demonstrate that he is entitled to no relief on Ground 3 of his motion.

In Ground 4, Edwards alleges that his attorney was ineffective for "refusing to correct" errors in Edwards' PSR. This claim fails because Edwards can demonstrate no prejudice under Strickland that resulted from counsel's alleged error. As defense counsel and the Court correctly noted, Edwards' 1981 conviction did not affect his guidelines calculation so its inclusion in the PSR did not increase his guidelines range. Moreover, I sentenced Edwards to 12 months and one day, which was below the guidelines range of imprisonment between 21 to 27 months. Edwards has also failed to demonstrate that counsel's performance was deficient. After Edwards told me that he believed his 1981 conviction had been reversed, I adopted the PSR but included a notation in the statement of reasons page indicating that Edwards believed his 1981 conviction was set aside.

Therefore, the information that Edwards believes should have been in his file was actually included. Under these circumstances, Edwards' ineffective assistance of counsel claim fails. Ground 4 of Edwards' § 2255 motion will be denied.

In Ground 5 of his motion, Edwards claims that his attorney coerced him into pleading guilty. This allegation is conclusively refuted by the record. As set out above, I explained to Edwards that I could only accept his guilty plea if he was actually guilty of the crime, not to secure a better deal for his daughter. After being given the opportunity during his plea colloquy to decide whether he really wanted to plead guilty, Edwards told me that he was pleading guilty because he was guilty. Edwards also testified under oath that no one coerced him into pleading guilty. Edwards cannot contradict these sworn statements now. Edwards' ineffective assistance of counsel claim fails, and Ground 5 of his § 2255 motion will be denied.

Finally, Edwards' "catch-all" ineffective assistance of counsel claim, which merely restates the other ineffective assistance of counsel claims and then asserts that his sixth amendment rights were "blatantly" violated, will be denied for the same reasons set out above. Ground 6 of Edwards' § 2255 motion will be denied.

D.     *Certificate of Appealability*

As Edwards has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of George H. Edwards. Jr. to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Edwards has not made a substantial showing of the denial of a federal constitutional right.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss [#3] is denied as moot.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2010.